**SUPERIOR FINANCIAL CORP.,
Plaintiff,**

v.

**Herbert HASKELL and United States of
America, et al., Defendants.**

**No. 79 Civ. 6008 (MEL).**

United States District Court,
S.D. New York.

Feb. 15, 1983.

Gordon & Kanengiser, Millburn, N.J., for
plaintiff; Joseph Gordon, Millburn, N.J., of
counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y.,
New York City, for U.S.; Steven E. Obus,
Asst. U.S. Atty., New York City, of counsel.

LASKER, District Judge.

In 1975, Herbert Haskell purchased 1,090
shares in 30 East 65th Street Corporation, a
cooperative apartment corporation. He re-
ceived a stock certificate and a proprietary
lease on an apartment in the building. On
the same day Haskell borrowed $70,000
from Superior Financial Corp. ("Superior").
Haskell executed a promissory note and de-
livered to Superior the stock certificate and
lease as collateral. Superior and Haskell
have had other dealings since this transac-
tion, but none is material to this action.

In November 1976, and again in May
1977, the United States made assessments
against Haskell for unpaid income taxes.
Excluding interest, the amount of Haskell's
unpaid taxes is $199,758.86. The appropri-
ate notices were filed in the Registrar's
Office in New York County in 1977. In
1979 the apartment was sold and an escrow
account was created for the proceeds of
$175,000. This action was filed by Superior
to recover from the escrow fund the
amounts that it alleges are due to it. Supe-
rior and the United States cross move, pur-
suant to Fed.R.Civ.Pr. 56 for summary
judgment.

Whose claim has priority—Superior's or
the government's? Title 26 U.S.C.A.
§ 6323 provides that a federal tax lien
"shall not be valid as against any . . . hold-
er of a security interest, . . . until notice
thereof . . . has been filed by the Secretary
or his delegate." 26 U.S.C.A. § 6323(h)(1)
defines a security interest:

"(h) Definitions.—For purposes of this
section and section 6324—

(1) Security interest.—The term 'security
interest' means any interest in property
acquired by contract for the purpose of

securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth."

Thus, if Superior's claim was "protected under local law against a subsequent judgment lien arising out of an unsecured obligation" before the first tax lien was filed on April 4, 1977, then Superior's claim has priority. If, however, Superior's interest was not so "protected" in April 1977, the United States tax lien has priority.

The local law applicable here is the law of New York. N.Y.U.C.C. § 9–103 (McKinney Cum.Supp. 1981–1982). N.Y.U.C.C. § 9–301(3) defines a "judgment lien creditor" as a "lien creditor." N.Y.U.C.C. § 9–301(1)(b) provides that "an unperfected security interest is subordinate to the rights of ... a person who becomes a lien creditor before the security interest is perfected." Therefore, Superior's claim will have priority over the subsequent tax liens if Superior's security interest in the cooperative apartment was perfected.

A security interest which is not automatically perfected, can be perfected under N.Y.U.C.C. in one of two ways: by taking possession of the collateral, or by filing a financing statement in the appropriate place. N.Y.U.C.C. § 9–302.[1] The method required depends on the nature of the collateral. Since Superior did not file a financing statement until after the tax liens had been filed, Superior's claim can have priority only if a cooperative apartment is the type of collateral for which a security interest may be perfected by taking possession of the stock certificate and lease.

The parties agree that the ownership interest in a cooperative apartment, although possessing characteristics of an interest in real property, is an interest in personal property under New York law. *See State Tax Commissioner v. Shor*, 43 N.Y.2d 151, 400 N.Y.S.2d 805, 371 N.E.2d 523 (1977). N.Y.U.C.C. § 9–305 describes the types of personal property as to which possession in itself constitutes a perfected security interest. "A security interest in letters of credit and advices of credit ... goods, instruments, money, negotiable instruments or chattel paper may be perfected by the secured party's taking possession of the collateral." Superior claims that this section applies because the collateral at issue here, the interest in the cooperative apartment, is most nearly analogous to a "security" (which according to the definitional provisions of the U.C.C. is one type of "instrument" under § 9–305.[2]

The United States, on the other hand, argues that the collateral here most closely approximate a "general intangible." A "general intangible" is defined by N.Y.U.C.C. § 9–106 as "any personal property (including things in action) other than goods, accounts, contract rights, chattel paper, documents and instruments." A security interest in a "general intangible" can only be perfected by filing. (N.Y.U.C.C. § 9–305 and Official Comment ¶ 1)

1. N.Y.U.C.C. § 9–302 in part provides:
   "(1) A financing statement must be filed to perfect all security interests except the following
   (a) a security interest in collateral in possession of the secured party under Section 9–305."

2. A "security" for the purposes of the U.C.C. is defined in § 8–102:
   "(1) In this Article unless the context otherwise requires
   (a) A 'security' is an instrument which

   (i) is issued in bearer or registered form; and
   (ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and
   (iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and
   (iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."
   N.Y.U.C.C. § 8–102.

In determining how the courts of New York would classify shares in a cooperative apartment for the purposes of Article 9 of the U.C.C., both parties cite Chief Judge Breitel's decision for a unanimous Court of Appeals in *Shor, supra.* In *Shor,* the issue was "whether the debtor's interest in his cooperative apartment, that is, a stock certificate in the cooperative corporation and a 'proprietary' leasehold granted by the corporation, is a 'chattel real' or personal property." *Shor, supra,* 400 N.Y.S.2d at 806, 371 N.E.2d at 524. The Court held that it was personal property. *Id.* at 810, 371 N.E.2d at 528. Judge Breitel's discussion of the legislative intent of the 1971 amendments to New York's Banking law is relevant to the case at hand:

> "These provisions indicate a legislative intention that lenders in possession of the relevant documents of title be secure from claims of subsequent creditors without any filing or recording of the security interest. Thus, a possessory security interest in cooperative apartment stock and lease would be much like a possessory security interest in ordinary chattel paper, which requires no filing for perfection (see Uniform Commercial Code, § 9–305)."

*Id.* This reasoning is persuasive in the present controversy.[3]

It follows that Superior's security interest in Haskell's cooperative apartment was perfected when Superior took possession of the stock certificate and lease. Accordingly, Superior's motion for summary judgment is granted. The cross-motion of the United States is denied.

---

**3.** It should also be noted that the decision follows the policy of the U.C.C. The U.C.C. distinction between the types of collateral perfected by filing, as opposed to those perfected by possession is sensibly conceived. The object of the distinction is to insure notice to potential lenders that the collateral is already encumbered. *See* White & Summers, *Handbook for the Law Under the Uniform Commercial Code* 918–40 (2nd ed. 1980). A lender who contemplates a loan secured by an ownership interest in a cooperative apartment will surely be notified that another lender has a prior claim if the other lender, and not the proposed debtor, has possession of the stock certificate and the

Submit judgment on notice supported by affidavits as to calculations.

lease. *See also,* Rifkin, *Co-operative Proprietary Leases,* 51 N.Y.S.B.J. 290 (1979), which discusses the implications of *Shor,* including the relative priority between a lender in possession of the stock and lease, and a Federal tax lien. The writer states:

> "[I]t may be concluded that a security interest in the stock and proprietary lease can be perfected by delivery of possession. . . . In the case of security interests which have already been perfected under local law . . . the security interest is protected against subsequently filed federal tax liens. . . ."

*Id.* at 291–292.