■ ADELA E. BRIEF, Appellant, v 120 OWNERS CORP., Respondent.—Order of the Supreme Court, New York County (Martin B. Stecher, J.), entered on or about July 15, 1988, which denied the plaintiff's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted, without costs.

In 1985-1986, a woman borrowed $74,000 from the plaintiff. As collateral for the loan, the plaintiff obtained physical possession and a written assignment of the stock certificate and the proprietary lease of a cooperative apartment, owned by the woman but rented out by her. The woman seems to have been a resident of Texas and died there in 1986, leaving the interest in the apartment as her only asset. There has been no estate proceeding, either in New York or in Texas. An appraisal at the time of the loan showed the apartment's value to be approximately equal to the amount involved.

The plaintiff sought a transfer of the stock from the cooperative corporation which, as a protective device, asked for an estate proceeding.

The controversy is solely between the creditor and the cooperative, and the cooperative has indicated that it merely wants a declaratory judgment to protect it from other possible claims and otherwise has no interest in opposing the plaintiff.

The decedent's former husband and her two daughters confirmed that there are no other assets and that they are willing to execute any documents, including a quitclaim deed and indemnification of the cooperative in order for the plaintiff to obtain the apartment, so that the debt can be extinguished.

Shares in a cooperative are personal, not real, property. (SCPA 208 [3]; *Matter of State Tax Commn. v Shor,* 43 NY2d 151, 157.) The plaintiff's security interest is governed by UCC article 9. Her interest was perfected, pursuant to UCC former 9-304, upon taking physical possession of the stock certificate and proprietary lease in 1985. Therefore, there would be priority over any other lien creditor even if one were to appear at this late date, including the Internal Revenue Service on a tax claim. *(Superior Fin. Corp. v Haskell,* 556 F Supp 199.) Of course, the possibility of any other claim of any kind is merely a supposition, as none has materialized. If the

apartment is worth more than the value of the debt, it would only be the two children who would have a claim, and they not only urge, in affidavits, that the transfer to the plaintiff be made, but they even agree to indemnify the cooperative, as does the former husband.

The amendment to UCC 9-304, adding a new subdivision (7) (L 1988, ch 333, § 3), which became effective October 1, 1988, and which permits perfection of a security interest in individual units of a real estate cooperative only by filing, does not apply in the instant situation where the transaction took place several years before the passage of the amendment. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.