### In Re James and Rene McGUINNESS.

### Bankruptcy No. 91–30996.

United States Bankruptcy Court,
D. New Jersey.

March 31, 1992.

requiring the same treatment for each claim of a class. *Id.* at 854.

Mary Lynn McCaffrey, Schwall & Becker, Hillsdale, N.J., for Secured Creditor, Citibank, N.A.

Allen I. Gorski, Teich, Groh and Frost, Trenton, N.J., for trustee.

## OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's ruling on the motion by Citibank, N.A. for relief from the automatic stay under section 362(d) of title 11, United States Code ("Bankruptcy Code" or "Code"). The debtors filed a petition on February 22, 1991 for liquidation under chapter 7 of the Bankruptcy Code. Barry W. Frost, Esq. was appointed trustee. The debtors owned a cooperative apartment at 428 College Drive, Unit 428, Edison, New Jersey, which became property of their bankruptcy estate under Code § 541 when

they filed their bankruptcy petition. Citibank holds a claim against the debtors in the amount of $54,724.17 as of June 30, 1991, which it alleges is secured by a lien on the cooperative apartment. Citibank has filed an appraisal valuing the cooperative apartment at $45,000. The trustee has not disputed the amount due to Citibank or the value of the apartment. Therefore, if Citibank has a valid lien on the apartment, it is entitled to relief from the automatic stay under Code § 362(d)(2), because there would then be no equity in the apartment and this is not a reorganization case. However, the trustee disputes the validity of Citibank's lien.

█ Citibank has the burden of proving that there is no equity in the property. 11 U.S.C. § 362(g)(1). As part of that burden, Citibank must prove that it has a valid security interest in the property. *In re 1606 New Hampshire Ave. Associates*, 85 B.R. 298, 309–10 (Bankr.E.D.Pa.1988); *Matter of Deeter*, 53 B.R. 623, 625 (Bankr. N.D.Ind.1985); *In re Jug End in the Berkshires, Inc.*, 46 B.R. 892, 901 (Bankr. D.Mass.1985); *see also* 11 U.S.C. § 363(*o*)(2). Similarly, while the trustee has the burden under Code § 362(g)(2) of proving adequate protection for purposes of Code § 362(d)(1), the creditor must first make a prima facie showing that it has an interest in the property which requires protection. *In re Morysville Body Works, Inc.*, 86 B.R. 51, 55 (Bankr.E.D.Pa.1988).

█ Citibank alleges that it possesses the debtors' stock certificate of shares in the corporation that owns the building in which the apartment is located, and that it filed a UCC–1 financing statement perfecting its interest in the stock and in the debtors' lease of the apartment from the corporation. In support of that allegation, copies of the stock certificate, the front pages of a lease and two UCC–1's are annexed to Citibank's brief. Copies of the note and security agreement are attached to the "motion" signed by counsel. When a motion is based on facts not appearing of record, the facts must be established by affidavit or certification of a competent witness. *See* Fed.R.Civ.P. 43(e), incorpo-

rated by reference in Fed.R.Bankr.P. 9017. Annexing copies of documents to counsel's brief and "motion" does not meet this requirement. More importantly, the documents are incomplete. Only the cover page of the lease is provided, and the UCC–1's describe the collateral as "see rider attached," but no rider is attached. For these reasons, Citibank has not met its burden of proving the facts which it alleges establish its security interest.

■ The trustee argues that even if Citibank were to prove those facts, they would not perfect a lien on the cooperative apartment as a matter of law. That argument requires resolution of the legal issue of how a security interest in a cooperative apartment is perfected. Cooperative ownership is a hybrid which has characteristics of both personalty and realty. *Presten v. Sailer*, 225 N.J.Super. 178, 188–89, 542 A.2d 7 (App.Div.1988). In *Presten*, the Appellate Division held, however, that cooperatives should be characterized as realty:

> We conclude, despite conflicting past authority and the fact that cooperative housing interests are hybrid or unique, that cooperatives are more properly characterized as realty under the various legislative enactments in this State without regard to the recently enacted "Cooperative Recording Act" which gives further support to our determination.

*Id.* at 190, 542 A.2d 7.

The Cooperative Recording Act of New Jersey, N.J.S.A. 46:8D–1 *et seq.*, is not applicable here, because the Act is only effective as to transactions after its effective date of May 7, 1988, and the transactions at issue in this case apparently took place on or about June 4, 1986. If that Act did apply, Citibank's security interest would probably be perfected, since N.J.S.A. 46:8D–15 provides that perfection of liens shall be governed by any choice of law provision in the instrument, and paragraph 23 of the security agreement provides that New York law shall govern. Cooperatives are characterized as personalty under New York law for purposes of perfection of security interests in, and creation of judgment liens on cooperative interests. *State*

*Tax Commission v. Shor*, 43 N.Y.2d 151, 400 N.Y.S.2d 805, 371 N.E.2d 523 (1977); *Superior Financial Corp. v. Haskell*, 556 F.Supp. 199 (S.D.N.Y.1983). Absent a choice of law provision in the instrument, perfection of security interests under the Cooperative Recording Act is governed by N.J.S.A. 46:8D–14. Since that Act does not apply here, however, the court must determine whether the steps allegedly taken by Citibank to perfect its security interest were sufficient under applicable law.

To perfect a security interest in a cooperative apartment prior to May 7, 1988, a creditor needed an assignment of both the stock and the proprietary lease. *Presten v. Sailer, supra* at 188, 542 A.2d 7. Perfection of a security interest in the stock would be governed by article 9 of the Uniform Commercial Code, N.J.S.A. 12A:9–101 *et seq.* However, the proprietary lease grants an interest in real property, and cooperatives are realty under New Jersey law. *Presten v. Sailer, supra* at 188 and 190, 542 A.2d 7. Article 9 of the Uniform Commercial Code does not govern creation or transfer of interests in or liens on real estate, including leases. N.J.S.A. 12A:9–104(j). Creation or assignment of leases of real property, for terms of two years or more, and perfection of security interests therein, are governed by N.J.S.A. 46:16–1(a) and 46:21–1, which require recordation of such instruments with the county recording officer of the county in which the property is situated.

Footnote 5 of *Presten v. Sailer* states that prior to the effective date of the Cooperative Recording Act of New Jersey, perfection of a security interest in cooperative real estate did not require recordation like a mortgage. *Id.* at 188, 542 A.2d 7. However, no New Jersey law is cited for that proposition except N.J.S.A. 46:16–1(b), which applies to mortgages and deeds. No mention is made of N.J.S.A. 46:16–1(a), under which leases for two years or more and assignments thereof can be recorded. The authorities cited in that note regarding New York law are both inapposite and inconsistent with the conclusion on page 190 of *Presten v. Sailer* that cooperatives are

realty under New Jersey law. Moreover, the citation in that note to 4B Powell, *Real Property* ¶ 633.51[3], at 1033–36 (Rev. ed. 1987), does not support the statement that recordation was not required, since its author states that the law is unclear and essentially argues that lenders should take steps to perfect under both real property recordation laws and article 9 of the Uniform Commercial Code. *See* 4B Powell, *supra,* ¶ 633.52, at 1038.1. For these reasons, footnote 5 of *Presten v. Sailer* is incorrect. The holding of the case is that cooperatives are realty. *Id.* at 190, 542 A.2d 7.

Citibank has not offered any evidence that it recorded the lease and an assignment thereof with the county recording officer. It follows that even if Citibank corrected the deficiencies in its proofs noted earlier, it would not have perfected a security interest in the lease. Since perfection of a security interest in a cooperative apartment prior to May 7, 1988 required compliance with both N.J.S.A. 12A:9–101 *et seq.* and N.J.S.A. 46:16–1, Citibank's alleged compliance with the former statute accomplished nothing. In addition, Citibank suggests that virtually all lender's liens on New Jersey co-op units would be rendered unperfected if this court were to rule that recordation of the proprietary lease was required. However, Citibank has failed to offer any evidence in support of that allegation. In the exercise of his powers of avoidance under Bankruptcy Code § 544, the trustee takes priority over the unperfected security interest of Citibank. He is therefore entitled to turnover of the stock certificate under Code § 542(a).

Citibank's motion is denied. The trustee is to submit an order under the five-day rule.