**In re William Bart LLOYD, Debtor.**

**Bankruptcy No. 92–11213.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 7, 1992.

William Bart Lloyd, pro se.

Robert D. Fine, Licht & Semonoff, Providence, R.I., for F.D.I.C.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on August 5, 1992, on the Motion of Federal Deposit Insurance Corporation ("FDIC"), as Liquidating Agent of Capitol Bank & Trust Company, for Relief from Stay to foreclose on the Debtor's property located at 11–13 Steer Avenue, Providence, Rhode Island. The Debtor opposes the Motion on various grounds, including failure of consideration, and also asks this Court to not render a final decision on the motion until the conclusion of litigation pending in the United States District Courts of Rhode Island and Massachusetts, where "these same arguments are all currently before the Court[s]." Debtor's Memorandum of Law in Opposition to FDIC Motion for Relief from Stay, September 3, 1992, p. 13. We are inclined to accede to the debtor's request.

On the record before us, however, it is appropriate to rule *preliminarily* on FDIC's motion. Therefore, for the reasons given below, relief from stay is denied without prejudice, pending a determination on the merits by whichever District Court ultimately decides FDIC's "claim" against the Debtor, as well as the correlative claim asserted by the Debtor against FDIC.

In its Motion for Relief, FDIC alleges that it holds a valid note and mortgage on the subject property, and that as a result of the Debtor's default it is entitled to foreclose. FDIC admits however, that on June 11, 1992, it disaffirmed its "agreement" with the Debtor, pursuant to provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(e)(1). The parties are at odds as to whether this disaffirmance affects the entire November 30, 1990 contract between Capitol Bank and the Debtor, or only the Bank's obligation to provide future construction/rehabilitation financing. It is the Debtor's position that FDIC's action resulted in outright forfeiture of the mortgage, thus precluding its enforcement on relief from stay grounds, and leaves FDIC with an unsecured claim for damages based on unjust enrichment. FDIC contends that it is entitled to foreclose, and merely disaffirm its specific obligation to provide future financing. That issue, as we understand it, is the one currently pending before the United States District Court for the District of Rhode Island.

█ Without having to decide that dispositive question however, the instant motion can be disposed of on a more preliminary ground, i.e., that on the facts before us FDIC has failed to establish, prima facie, that it is entitled to the requested relief. Since the Debtor has challenged (in

good faith, we believe [1]) the underlying claim of FDIC on the ground that it is not supported by fair consideration, the burden of persuasion shifts to FDIC to prove consideration. *See In re McGuinness,* 139 B.R. 3 (Bankr.D.N.J.1992); *In re Vanas,* 50 B.R. 988 (Bankr.E.D.Mich.1985) (on motion to lift automatic stay, moving creditor has burden of proof as to validity and perfection of its security interest in debtor's property); *In re Greives,* 81 B.R. 912 (Bank. N.D.Ind.1987) (creditor seeking relief from stay had burden of proof, or risk of nonpersuasion, to show that its security agreement was valid—that a genuine, authentic, and binding agreement was entered into between debtors and creditor by which debtors granted to creditor security interest); *Matter of Deeter,* 53 B.R. 623 (Bankr. Ind.1985) (creditor seeking the lifting of automatic stay must establish the validity and perfection of its security interest, the amount of the debt and other allowable costs secured by its claim, and must also carry the ultimate burden of proof with respect to equity); *In re Greiman,* 45 B.R. 574 (Bankr.Iowa 1984); *United Companies Financial Corp. v. Brantley,* 6 B.R. 178 (Bankr.Fla.1980). Here, FDIC has not even begun to establish either the validity or the amount of its claim. Neither through testimony nor through any documentary evidence has FDIC presented any evidence to establish the actual consideration given by Capitol Bank to the Debtor in exchange for the November, 1990 promissory note and mortgage instruments, upon which it now seeks permission to foreclose.

 In other circumstances, we would inquire further and decide this issue. Here however, with the dispositive questions already the subject of litigation in *two* Federal District Courts, we believe it appropriate to abstain, and to defer to the rulings of those Courts, and it is so ORDERED.

Accordingly, having failed to establish the amount of its claim, which at this junc-

ture is challenged by the Debtor, FDIC's Motion to Relief from Stay is DENIED, without prejudice.

---

**1.** FDIC's promissory note indicates principal due in the sum of $125,000 "or so much as is advanced to Borrower by Bank pursuant to the Side Letter Agreement hereinafter referred to." FDIC has failed to produce this so-called "Side-

Letter Agreement," and this is *fatal* to its claim for relief. Moreover, the Debtor disputes that the promised sums were even advanced, and without more, this Court cannot decide the actual amount of FDIC's claim.